UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| HUTSON, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. _____ |
| v. | ) |
| | ) |
| MACHINERYLINK, INC. and | ) |
| FARMLINK, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT
### (Electronically Filed)

Comes the Plaintiff, Hutson, Inc., by counsel, and for its Complaint against the Defendants, MachineryLink, Inc. and FarmLink, Inc., states as follows:

### A. Parties

1. Plaintiff, Hutson, Inc. ("Hutson"), is a corporation organized under the laws of the Commonwealth of Kentucky, having its principal place of business at 306 Andrus Drive, Murray, Kentucky 42071. Accordingly, Hutson is a citizen of the Commonwealth of Kentucky.

2. Defendant, MachineryLink, Inc. ("MachineryLink"), is a Delaware corporation having its principal place of business at 1600 Genessee Street, Suite 700, Kansas City, Missouri 64102. Accordingly, MachineryLink is a citizen of the State of Missouri.

3. Defendant, FarmLink, Inc. ("FarmLink"), is a Delaware corporation having its principal place of business at 1600 Genessee Street, Suite 700, Kansas City, Missouri 64102. Accordingly, FarmLink is a citizen of the State of Missouri.

4. Hutson is neither organized nor has its principal place of business in the State of Missouri and the State of Delaware.

## B. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. §1332(c)(1) because Hutson and MachineryLink and FarmLink are citizens of different states, because the principal place of business for Hutson and for both defendants is in different states and because the amount in controversy between the parties is greater than $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over these defendants under Rule 4 of the Federal Rules of Civil Procedure and Missouri Revised Statute §506.500.1(1) & (2) because MachineryLink and FarmLink's principal business address is in Kansas City, Missouri, both companies transact business within the State of Missouri, and because in at least two of the Master Lease Agreements the defendants breached, the Master Lease Agreements were signed by the defendants' representative within the State of Missouri and paragraph 19 of two of the Master Lease Agreements at issue states that the "LEASE IS ACCEPTED AND ENTERED INTO" in the State of Missouri. See paragraph 19 in Master Lease Agreement, dated May 7, 2013 ("Master Lease 1") attached hereto as Exhibit "A" and paragraph 19 in Master Lease Agreement commencing on May 14, 2014 ("Master Lease 2") attached hereto as Exhibit "B."

7. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because both MachineryLink and FarmLink are residents of the State of Missouri with their principal place of business in Kansas City, Missouri and within the judicial district of this Court.

## C. GENERAL ALLEGATIONS

8. Upon information and belief, on or about April 19, 2013, MachineryLink entered into Master Lease 1 as evidenced by the signature of its authorized representative and CFO, Jeff Elliott. See Exhibit "A".

9. Pursuant to Master Lease 1, Hutson leased a total of seventeen (17) John Deere combine tractors to MachineryLink. See payment schedules attached to Exhibit "A".

10. The term of Master Lease 1 is stated as May 7, 2013 through December 31, 2015. See Exhibit "A".

11. Master Lease 1 requires MachineryLink to make lease payments to Hutson in accordance with the payment schedules attached thereto. See Exhibit "A".

12. MachineryLink failed to make monthly lease payments to Hutson in accordance with the payment schedules attached to Master Lease 1. See Exhibit "A".

13. In the event of MachineryLink's non-payment of the monthly amounts due, Master Lease 1 provides: "If lessee fails to pay any rental or other amount required to be paid by lessee to lessor within five (5) days after the due date thereof, lessee shall (in addition to all other amounts due lessor) pay lessor a late fee of one and one-half percent (1.5%) of the past due amount per month, or the maximum allowed by law, on the unpaid payment until paid." See Exhibit "A".

3

14. Master Lease 1 provides that in the event of MachineryLink's default, "Lessee shall return the Equipment, at Lessee's expense, to Lessor's place of business in Seward, NE." See Exhibit "A".

15. Master Lease 1 further provides that "the Equipment, when returned, shall be in 'as good condition' as it is when delivered to Lessee, reasonable wear for which Lessee is not required to repair or replace pursuant to the terms hereof excepted." See Exhibit "A".

16. A default under Master Lease 1 occurs if "Lessee fails to make any Lease Payment or pay other sums due hereunder within ten (10) days after the same shall become due." See Exhibit "A".

17. Section 7 of Master Lease 1 provides the "Remedies of Lessor" and states: "Upon default of Lessee, under this Lease or under any other lease agreement between Lessee and Lessor, Lessor may, without notice to or demand upon Lessee, exercise any one or more of the following remedies:

> 7.1 Declare all unpaid rent for the full term of this lease due and payable, together with all expenses of collection by suit or otherwise, including reasonable attorney's fees.
>
> 7.2 Terminate this Lease immediately with respect to the Equipment or any portion thereof.
>
> 7.3 Take possession of the Equipment (which Lessee shall surrender at the location provided for above on demand).
>
> 7.4 Sell the Equipment or any portion thereof at public or private sale and without demand on Lessee for payment or notice of intention to sell, retain the proceeds of any such sale, and, unless previously terminated under Section 7.2, terminate this Lease as of the date of such sale. If the proceeds, after deducting all costs and expenses incurred in connection with the recovery, repair, storage and sale of the Equipment and after deducting any Lease Payments and other obligations of Lessee due and unpaid hereunder on the date of the sale, including interest on past due Lease Payments, are less than

4

      the Termination Value on the date of termination, Lessee shall immediately pay Lessor the difference.

      7.5    Exercise any, other remedy provided by law, including the recovery of damages caused by Lessee's failure to perform or observe any covenant or condition of this Lease."

      See <u>Exhibit "A"</u>.

18.    Section 10 of Master Lease 1 provides that MachineryLink bears all risk of loss or damage in the event that the Lease is terminated for MachineryLink's default pursuant to Section 7 of the Lease.

19.    Section 17 of Master Lease 1 states that, "Lessee shall not change its name, jurisdiction of organization or organization type without at least 30 days prior written notice to Lessor."

20.    Upon information and belief, on or about June 10, 2014, MachineryLink entered into Master Lease 2 as evidenced by the signature of its authorized representative and CFO, Jeff Elliott.  See <u>Exhibit "B"</u>.

21.    Pursuant to Master Lease 2, Hutson leased a total of three (3) John Deere combine tractors to MachineryLink.  See payment schedules attached to <u>Exhibit "B"</u>.

22.    The term of Master Lease 2 is stated as May 15, 2014 through December 31, 2015.  See <u>Exhibit "B"</u>.

23.    Master Lease 2 requires MachineryLink to make lease payments to Hutson in accordance with the payment schedules attached thereto.  See <u>Exhibit "B"</u>.

24.    MachineryLink failed to make monthly lease payments to Hutson in accordance with the payment schedules attached to Master Lease 2.  See <u>Exhibit "B"</u>.

25. In the event of MachineryLink's non-payment of the monthly amounts due, Master Lease 2 provides: "If lessee fails to pay any rental or other amount required to be paid by lessee to lessor within five (5) days after the due date thereof, lessee shall (in addition to all other amounts due lessor) pay lessor a late fee of one and one-half percent (1.5%) of the past due amount per month, or the maximum allowed by law, on the unpaid payment until paid." See <u>Exhibit "B"</u>.

26. Master Lease 2 provides that in the event of MachineryLink's default, "Lessee shall return the Equipment, at Lessee's expense, to Lessor's place of business in Seward, NE." See <u>Exhibit "B"</u>.

27. Master Lease 2 further provides that "the Equipment, when returned, shall be in 'as good condition' as it is when delivered to Lessee, reasonable wear for which Lessee is not required to repair or replace pursuant to the terms hereof excepted." See <u>Exhibit "B"</u>.

28. A default under Master Lease 2 occurs if "Lessee fails to make any Lease Payment or pay other sums due hereunder within ten (10) days after the same shall become due." See <u>Exhibit "B"</u>.

29. Section 7 of Master Lease 2 provides the "Remedies of Lessor" and states: "Upon default of Lessee, under this Lease or under any other lease agreement between Lessee and Lessor, Lessor may, without notice to or demand upon Lessee, exercise any one or more of the following remedies:

> 7.1 Declare all unpaid rent for the full term of this lease due and payable, together with all expenses of collection by suit or otherwise, including reasonable attorney's fees.
>
> 7.2 Terminate this Lease immediately with respect to the Equipment or any portion thereof.

7.3 Take possession of the Equipment (which Lessee shall surrender at the location provided for above on demand).

7.4 Sell the Equipment or any portion thereof at public or private sale and without demand on Lessee for payment or notice of intention to sell, retain the proceeds of any such sale, and, unless previously terminated under Section 7.2, terminate this Lease as of the date of such sale. If the proceeds, after deducting all costs and expenses incurred in connection with the recovery, repair, storage and sale of the Equipment and after deducting any Lease Payments and other obligations of Lessee due and unpaid hereunder on the date of the sale, including interest on past due Lease Payments, are less than the Termination Value on the date of termination, Lessee shall immediately pay Lessor the difference.

7.5 Exercise any, other remedy provided by law, including the recovery of damages caused by Lessee's failure to perform or observe any covenant or condition of this Lease."

See Exhibit "B".

30. Section 10 of Master Lease 2 provides that MachineryLink bears all risk of loss or damage in the event that the Lease is terminated for MachineryLink's default pursuant to Section 7 of the Lease. See Exhibit "B".

31. Section 17 of Master Lease 2 states that "Lessee shall not change its name, jurisdiction of organization or organization type without at least 30 days prior written notice to Lessor." See Exhibit "B".

32. Upon information and belief, on March 13, 2015, MachineryLink and/or FarmLink entered into a Master Lease Agreement ("Master Lease 3") as evidenced by the signature of its authorized representative and Director of Procurement, Lindsey Meling. See Exhibit "C".

33. Pursuant to Master Lease 3, Hutson leased a total of six (6) John Deere Model S670 combine tractors to MachineryLink and/or FarmLink, bearing Serial Numbers

7

1H0S670SKD0757971, 1H0S670SHD0757963, 1H0S670SPD0755667, 1H0S670SED0756622, 1H0S670STD0756056 and 1H0S670SKD0756481. See Schedule 1 attached to Master Lease 3.

34. The term of Master Lease 3 is stated as May 1, 2015 through April 30, 2017. See Exhibit "C".

35. Master Lease 3 requires MachineryLink and/or FarmLink to make lease payments to Hutson in accordance with Schedule 1 attached to Master Lease 3. See Exhibit "C".

36. MachineryLink and/or FarmLink failed to make monthly lease payments to Hutson in accordance with Master Lease 3 and Schedule 1 attached thereto. See Exhibit "C".

37. In the event of MachineryLink's and/or FarmLink's non-payment of the monthly amounts due, Master Lease 3 provides: "If lessee fails to pay any rental or other amount required to be paid by lessee to lessor within five (5) days after the due date thereof, lessee shall (in addition to all other amounts due lessor) pay lessor a late fee of one and one-half percent (1.5%) of the past due amount per month, or the maximum allowed by law, on the unpaid payment until paid." See Exhibit "C".

38. Master Lease 3 provides that in the event of MachineryLink's default, "Lessee shall return the Equipment, at Lessee's expense, to Lessor's place of business as defined on Schedule 1." See Exhibit "C".

39. Master Lease 3 further provides that "the Equipment, when returned, shall be in 'as good condition' as it is when delivered to Lessee, reasonable wear for which Lessee is not required to repair or replace pursuant to the terms hereof excepted." See Exhibit "C".

40. A default under Master Lease 3 occurs if "Lessee fails to make any Lease Payment or pay other sums due hereunder within ten (10) days after the same shall become due." See Exhibit "C".

41. Section 7 of Master Lease 3 provides the "Remedies of Lessor" and states: "Upon default of Lessee, under this Lease or under any other lease agreement between Lessee and Lessor, Lessor may, without notice to or demand upon Lessee, exercise any one or more of the following remedies:

> 7.1 Declare all unpaid rent for the full term of this lease due and payable, together with all expenses of collection by suit or otherwise, including reasonable attorney's fees.
>
> 7.2 Terminate this Lease immediately with respect to the Equipment or any portion thereof.
>
> 7.3 Take possession of the Equipment (which Lessee shall surrender at the location provided for above on demand).
>
> 7.4 Sell the Equipment or any portion thereof at public or private sale and without demand on Lessee for payment or notice of intention to sell, retain the proceeds of any such sale, and, unless previously terminated under Section 7.2, terminate this Lease as of the date of such sale. If the proceeds, after deducting all costs and expenses incurred in connection with the recovery, repair, storage and sale of the Equipment and after deducting any Lease Payments and other obligations of Lessee due and unpaid hereunder on the date of the sale, including interest on past due Lease Payments, are less than the Termination Value on the date of termination, Lessee shall immediately pay Lessor the difference.
>
> 7.5 Exercise any, other remedy provided by law, including the recovery of damages caused by Lessee's failure to perform or observe any covenant or condition of this Lease."
>
> See Exhibit "C".

42. Section 10 of Master Lease 3 provides that MachineryLink bears all risk of loss or damage in the event that the Lease is terminated for MachineryLink's default pursuant to Section 7 of the Lease. See Exhibit "C".

43. Section 17 of Master Lease 3 states that "Lessee shall not change its name, jurisdiction of organization or organization type without at least 30 days prior written notice to Lessor." See Exhibit "C".

44. On or about July 23, 2014, MachineryLink, Inc. changed its name to FarmLink, Inc. without notice to Hutson in violation of Section 17 of Master Lease 1 and Section 17 of Master Lease 2. See Exhibit "A", Exhibit "B" and Exhibit "D".

45. Defendants breached the terms of Master Leases 1, 2 & 3 by failing to make the monthly payments when they became due.

46. Defendants further breached the terms of Master Leases 1, 2 & 3 by allowing certain of the John Deere combine tractors to fall in disrepair and be damaged beyond "as good condition as it is when delivered" reasonable wear excepted.

47. Defendants further breached the terms of Master Leases 1, 2 & 3 by failing to make late fee payments when they became due.

48. Accordingly, and because of Defendants multiple breaches of Master Leases 1, 2 & 3 as provided herein, Hutson hereby seeks to employ any and all "Remedies" available to it as stated in the Master Lease Agreements.

49. As of this writing and as concerns Master Lease 1, Defendants are indebted to Hutson for principal owed in the amount of $118,000.00, plus late charges of $1,770.00 (1.5% of $118,000.00 as per Section 1 of the Lease) per month from December 2015 until paid in full, plus "all expenses of collection by suit or otherwise, including reasonable

10

Case 4:16-cv-01122-DGK   Document 1   Filed 10/19/16   Page 10 of 16

attorney's fees" and other fees and costs owed to Hutson as will be established at the trial of this matter.

50. As of this writing and as concerns Master Lease 2, Defendants are indebted to Hutson for principal owed in the amount of $39,375.00, plus late charges of $590.63 (1.5% of $39,375.00 as per Section 1 of the Lease) per month from December 2015 until paid in full, plus "all expenses of collection by suit or otherwise, including reasonable attorney's fees" and other fees and costs owed to Hutson as will be established at the trial of this matter.

51. As of this writing and as concerns Master Lease 3, Defendants are indebted to Hutson for principal owed in the amount of $326,250.00, plus late charges of $4,893.75 (1.5% of $326,250.00 as per Section 1 of the Lease) per month from December 2015 until paid in full, plus "all expenses of collection by suit or otherwise, including reasonable attorney's fees" and other fees and costs owed to Hutson as will be established at the trial of this matter.

52. As of this writing and as concerns the Defendants' breach of the provision in Master Leases 1, 2 & 3 requiring Defendants to return the combine tractors to Hutson at Defendants' sole expense in the event of default, Defendants are indebted to Hutson for trucking and transportation fees totaling $19,200.00 plus other fees and costs as will be established at the trial of this matter.  See Exhibit "E" and Exhibit "F".

53. As of this writing, and as concerns the Defendants' breach of the provision in Master Leases 1, 2 & 3 prohibiting the John Deere combine tractors leased from Hutson to Defendants to fall in disrepair and be damaged beyond "as good condition as it is when delivered" reasonable wear excepted, Defendants are indebted to Hutson for damage

11

repairs totaling $5,415.15 plus other fees and costs as will be established at the trial of this matter.  See Exhibit "G".

54.     On February 26, 2016, Hutson received a partial payment from Defendants in the amount of $55,656.25, which upon information and belief was made on behalf of Defendants and which did not constitute payment in full.  See Exhibit "H".

55.     Master Leases 1, 2 & 3 all provide Hutson with the right to recover reasonable attorney's fees, "together with all expenses of collection" and taxable court costs in the event that Hutson must incur those expenses as a result of Defendants' default under the Leases.

56.     Upon information and belief, MachineryLink, Inc. has changed its name to and is now operating under the name FarmLink, Inc.  See Exhibit "D".  Accordingly, Hutson avers that any and all liabilities assumed by and/or attributable to MachineryLink, Inc. must be imputed and assessed to FarmLink, Inc. as a matter of law and as will be shown at the trial of this matter.

### COUNT I.  DAMAGES FOR DEFAULT OF MASTER LEASE 1, MASTER LEASE 2 AND MASTER LEASE 3

57.     Hutson hereby re-alleges the allegations made in Paragraphs 1-56 above as if reprinted herein in full.

58.     Defendants were in default of Master Lease 1 when they failed to make monthly lease payments as required in the Lease.

59.     As a direct and proximate result of Defendants' breach of Master Lease 1, Hutson is entitled to recover the sum of $118,000.00, plus late charges of $1,770.00 (1.5% of $118,000.00 as per Section 1 of the Lease) per month from December 2015 until paid in

full, plus "all expenses of collection by suit or otherwise, including reasonable attorney's fees" and other fees and costs owed to Hutson as will be established at the trial of this matter.

60. As a direct and proximate result of Defendants' breach of Master Lease 2, Hutson is entitled to recover the sum of $39,375.00, plus late charges of $590.63 (1.5% of $39,375.00 as per Section 1 of the Lease) per month from December 2015 until paid in full, plus "all expenses of collection by suit or otherwise, including reasonable attorney's fees" and other fees and costs owed to Hutson as will be established at the trial of this matter.

61. As a direct and proximate result of Defendants' breach of Master Lease 3, Hutson is entitled to recover the sum of $326,250.00, plus late charges of $4,893.75 (1.5% of $326,250.00 as per Section 1 of the Lease) per month from December 2015 until paid in full, plus "all expenses of collection by suit or otherwise, including reasonable attorney's fees" and other fees and costs owed to Hutson as will be established at the trial of this matter.

62. As a direct and proximate result of Defendants' breach of the provision in Master Leases 1, 2 & 3 requiring Defendants to return the combine tractors to Hutson at Defendants' sole expense in the event of default, Defendants are indebted to Hutson for trucking and transportation fees totaling $19,200.00 plus other fees and costs as will be established at the trial of this matter. See Exhibit "E" and Exhibit "F".

63. As a direct and proximate result of Defendants' breach of the provision in Master Leases 1, 2 & 3 prohibiting the John Deere combine tractors leased from Hutson to Defendants to fall in disrepair and be damaged beyond "as good condition as it is when delivered" reasonable wear excepted, Defendants are indebted to Hutson for damage

13

repairs totaling $5,415.15 plus other fees and costs as will be established at the trial of this matter. See Exhibit "G".

## COUNT II. CLAIM FOR UNLIQUIDATED DAMAGES AND DAMAGES FOR LOST REVENUE, PROFIT AND OPPORTUNITY

64. Hutson hereby re-alleges the allegations made in Paragraphs 1-63 above as if reprinted herein in full.

65. Defendants' multiple breaches of Master Leases 1, 2 & 3 as provided herein, including Defendants refusal to turn over certain of the combine tractors upon demand and Defendants refusal to return the combine tractors to Hutson's designated location as provided in the Leases deprived Hutson of revenue, profit and opportunity all as will be shown at the trial of this matter.

66. Accordingly, Hutson is entitled to judgment against Defendants for unliquidated damages to Hutson's business, including, but not limited to lost revenue, profit and opportunity.

## COUNT III. CLAIM FOR ATTORNEYS' FEES AND EXPENSES

67. Hutson hereby re-alleges the allegations made in Paragraphs 1-66 above as if reprinted herein in full.

68. Hutson is entitled to recover a judgment against Defendants for all reasonable attorneys' fees, litigation expenses and taxable costs that it incurs in order to bring this litigation and otherwise enforce its rights under Master Leases 1, 2 & 3 and all attachments thereto, less a credit for Defendants' prior partial payment of $55,656.25.

WHEREFORE, Hutson, Inc. demands that this Court award it a judgment against the Defendants, MachineryLink, Inc. and FarmLink, Inc., as follows:

a. Under Count I and as concerns Defendants' breach of Master Lease 1 for failure to make payment when due, the sum of $118,000.00, plus late charges of $1,770.00 per month from December 2015 until paid in full, less a credit of $55,656.25 for Defendants prior partial payment;

b. Under Count I and as concerns Defendants' breach of Master Lease 2 for failure to make payment when due, the sum of $39,375.00, plus late charges of $590.63 per month from December 2015 until paid in full;

c. Under Count I and as concerns Defendants' breach of Master Lease 3 for failure to make payment when due, the sum of $326,250.00, plus late charges of $4,893.75 per month from December 2015 until paid in full;

d. Under Count I and as concerns Defendants' breach of the provision in Master Leases 1, 2 & 3 requiring Defendants to return the combine tractors to Hutson at Defendants' sole expense in the event of default, the sum of $19,200.00 for trucking and transportation fees;

e. Under Count I and as concerns Defendants' breach of the provision in Master Leases 1, 2 & 3 prohibiting the John Deere combine tractors leased from Hutson to Defendants to fall in disrepair and be damaged beyond "as good condition as it is when delivered" reasonable wear excepted, the sum of $5,415.15 for damage repairs;

f. Under Count II for damages to Hutson, Inc.'s business, including monetary damages for lost revenue, profit and opportunity as established by Hutson, Inc. and as deemed proper by this Court, plus pre-judgment and post-judgment interest on this sum at the legal rate applicable under the laws of the State of Missouri;

g. Under Count III for all reasonable attorneys' fees, litigation expenses and taxable costs that it incurs in order to bring this litigation and otherwise enforce its rights under Master Leases 1, 2 & 3 and all attachments thereto; and

h. For all other relief the Court deems appropriate based upon the proof.

RESPECTFULLY SUBMITTED, this the 19th day of October, 2016.

LEWIS RICE LLC

　 /s/ R. Bradley Ziegler
R. Bradley Ziegler, #57447MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101-1311
Tele: (314) 444-7792
Fax: (314) 241-6056
bziegler@lewisrice.com

and

THE MILLER LAW FIRM, PLLC

Ryan A. Hahn, Esq.
*(Pro Hac Vice Admission Pending)*
2660 West Park Drive, Suite 2
Paducah, KY 42001
Tele: (270) 554-0051
Fax: (866) 578-2230
rhahn@millerlaw-firm.com

Attorneys for Hutson, Inc.